UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CLARENCE GREEN,

          Plaintiff,

                       Case # 04-CV-6213-FPG

v.

                       DECISION AND ORDER

VICTOR T. HERBERT, et al.,

          Defendants.
_____

    Subsequent to the Court's ruling for the Defendants in this non-jury trial, the Plaintiff filed, *pro se*, a five page written statement with over one hundred pages of exhibits. Interpreting these submissions as motions to set aside the verdict or order a new trial, I am asked to decide if the Plaintiff has established a basis to grant such relief. Because the Plaintiff has failed to sustain his burden to warrant such relief, his application is denied.

## BACKGROUND

    A non-jury trial was held before the undersigned on July 29, 2013 through July 30, 2013. At the request of Plaintiff's counsel, the trial was then adjourned to August 8, 2013, so that the Plaintiff could present additional proof.

    The parties appeared on August 8, 2013, where Plaintiff submitted additional proof, and closing arguments were heard. After due consideration, I rendered a verdict from the bench, finding that the Plaintiff had not sustained his burden of proof, and ordered that judgment be entered in favor of Defendants.

    On August 12, 2013, a *pro se* submission was received from the Plaintiff. Dkt. #147. That submission was dated August 1, 2013 and was entitled "Case on Trial Plaintiff's Proof &

Sanctions." The submission consisted of a five page writing from Plaintiff, accompanied by 111 pages of exhibits.

At the outset, the purpose of Plaintiff's submission is unclear. Although Plaintiff apparently signed the submission on August 1, 2013, no mention of these papers were made at the August 8, 2013 appearance. If these documents were intended to somehow supplement the record, or to be offered into evidence at Plaintiffs trial, Plaintiff or his counsel should have addressed this submission on August 8, 2013.

In reviewing the documents that have now been submitted, some appear to be duplicative of documents that were previously introduced into evidence at trial. Therefore, in an abundance of caution and interpreting Plaintiff's *pro se* filing liberally, Plaintiff's submission was filed as a Motion to Set Aside the Verdict. More specifically, the submission will be viewed as an application under Fed. R. Civ. P. 50(b) for judgment as a matter of law, as well as one for a new trial under Fed. R. Civ. P. 59. Additionally, Plaintiff renews his application for sanctions against the Defendants for failing to preserve audio tapes of his Tier III disciplinary proceeding. Defendants have responded to the motion, arguing that it has no basis in fact or law. Dkt. #149.

## STANDARDS OF LAW

A.  Rule 50(b)

Under Rule 50(b) of the Federal Rules of Civil Procedure, a verdict may be set aside upon a motion for judgment as a matter of law only if "there exists such a complete absence of evidence supporting the verdict that the jury's[1] findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that

---

[1] While many of the cases refer to a jury's verdict, that does not change the standard to be applied in this non-jury trial.

2

reasonable and fair minded persons could not arrive at a verdict against it." *Luciano v. Olsten Corp.*, 110 F.3d 210, 214 (2d Cir. 1997) (alterations and internal quotation marks omitted).

In ruling on a motion for judgment as a matter of law, courts must "consider the evidence in the light most favorable to the party against whom the motion was made and to give that party the benefit of all reasonable inferences that the jury might have drawn in his favor from the evidence. The court cannot assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute its judgment for that of the jury." *Tolbert v. Queens Coll.*, 242 F.3d 58, 70 (2d Cir. 2001) (quoting *Smith v. Lightning Bolt Prods., Inc.*, 861 F.2d 363, 367 (2d Cir.1988)). The court may not "consider evidence favorable to [the moving party] that the jury need not have believed; [t]hat is, [the court] must disregard contradicted evidence and testimony from impeached and interested witnesses that supports [the moving party]." *Gronowski v. Spencer*, 424 F.3d 285, 292 (2d Cir. 2005); *see also Tolbert*, 242 F.3d at 72 (district court erred by crediting testimony of interested witnesses for moving party).

B.   Rule 59

Rule 59 permits a court to order a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Under Rule 59, unlike Rule 50, "a trial judge is free to weigh the evidence himself, and need not view it in the light most favorable to the verdict winner," *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 134 (2d Cir. 1998). In that sense, the Rule 59 standard is "less stringent" than the Rule 50 standard, *Brady v. Wal–Mart Stores, Inc.*, 455 F. Supp. 2d 157, 179 (E.D.N.Y. 2006), *aff'd*, 531 F.3d 127 (2d Cir. 2008). To order a new trial under Rule 59(a), the court must conclude that "the jury has reached a seriously erroneous result or ... the verdict is a miscarriage of justice." *Manley v. AmBase Corp.*, 337 F.3d 237, 245 (2d Cir. 2003) (internal quotations omitted).

DISCUSSION

A.     Plaintiff is Not Entitled to Relief Under Either Rule 50 or Rule 59

The standard under Rule 50 is demanding, and Plaintiff has fallen far short of carrying his burden. The standard under Rule 59 is not as strict, but Plaintiff still must show that the result is "seriously erroneous" or that "the verdict is a miscarriage of justice." *Manley*, 337 F.3d at 245. Viewed under either of these standards, Plaintiff's motion fails.

Plaintiff's submission simply seeks to re-litigate his claims and to marshal the evidence in his favor, while focusing solely on his own testimony. As the Court stated in its decision from the bench, the Plaintiff failed to carry his burden to establish that the Defendants acted maliciously and sadistically, and failed to demonstrate that any claimed injuries were caused by the alleged attack. The papers submitted now do nothing to alter that conclusion and, in fact, barely address those issues. As a result, I find no basis to disturb the verdict previously issued in this case.

B.     Sanctions are Not Warranted in this Case

Plaintiff also re-argues his application for sanctions against the Defendants, arguing that the audio tapes of his Tier III disciplinary proceeding were not properly preserved. Plaintiff's argument fails for at least two reasons. First, Plaintiff does not dispute that the tapes were provided to his prior counsel. Since the tapes were in the control of Plaintiff's legal representative, he cannot complain that the State has not further preserved the recordings. Second, Plaintiff also claims that he submitted a copy of the tapes to the Clerk of the Court as an exhibit to a prior filing. While no such tapes were ever received by the Clerk's office, this argument demonstrates that Plaintiff himself possessed the recordings of the Tier III hearing, and

he therefore cannot now complain that the tapes are unavailable to him. For these reasons, Plaintiff's argument was rejected during the trial, and there is no basis to alter that ruling.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Set Aside the Verdict (Dkt. #147), is denied in all respects.

IT IS SO ORDERED.

DATED:   March 4, 2014
         Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge